UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WILSON,

                **Plaintiff,**

v.                                         Case No. 20-CV-699

FAWN SCHAWNDT, et al.,

                **Defendants.**

## ORDER

Plaintiff Derrick Wilson, a prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 on May 6, 2020, alleging that the defendants violated his constitutional rights. (ECF No. 1.) On July 10, 2020, Judge William C. Griesbach screened Wilson's complaint and allowed him to proceed on the following claims: 1) a Fourth Amendment claim against Fawn Schwandt for deliberately omitting information and lying to obtain a probation hold; 2) a claim against Sgt. John Doe under a theory of supervisor liability for signing off on Schwandt's written statements used to obtain the probation hold; 3) a Fourth Amendment claim against Rodolfo Alvarado and Christopher Schlachter for searching Wilson's residence without consent; and 4) a Fifth and Fourteenth Amendment claim against Christopher Schlachter for interrogating Wilson without an attorney present. (ECF No. 8.)

On August 13, 2020, Wilson filed a motion to amend the complaint, which motion Judge Griesbach denied because the proposed amended complaint was not complete in itself. (ECF No. 11.) On August 28, Wilson filed a second motion to amend the complaint. (ECF. No 12.) The case was then reassigned to this court on consent from the parties. (ECF No. 18.) The court will grant Wilson's second motion to amend the complaint and screen his amended complaint.

*Second Motion to Amend the Complaint*

The decision to grant leave to amend a complaint is left to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be "freely given when justice so requires" absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of an amendment, and futility of amendment." *Id.*

Given the liberal policy under Rule 15, the court will grant Wilson's second motion to amend the complaint. The amended complaint (ECF No. 12-1) is now the operative complaint. While many of the allegations in the amended complaint are substantively similar to the allegations in the original complaint, there are also new allegations and defendants, so the court will screen the amended complaint.

*Screening of the Amended Complaint*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than

pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Preliminary Matters*

The allegations in the original complaint for the four claims that Judge Griesbach allowed Wilson to proceed on in his screening order are substantially similar in the amended complaint. For the reasons stated by Judge Griesbach in his screening order (ECF No. 8 at 5-7), Wilson may still proceed on the following claims: 1) a Fourth Amendment claim against Fawn Schwandt for deliberately omitting information and lying to obtain a probation hold; 2) a claim against Sgt. John Doe under a theory of supervisor liability for signing off on Schwandt's written statements used to obtain the probation hold; 3) a Fourth Amendment claim against Rodolfo Alvarado and Christopher Schlachter for searching Wilson's residence without consent; and 4) a Fifth and Fourteenth Amendment claim against Christopher Schlachter for interrogating Wilson without an attorney present.

As a reminder for Sgt. John Doe, after the named defendants answer the amended complaint and the court enters a scheduling order Wilson may serve discovery requests (written questions or requests for documents) on the named defendants in an effort to identify the real name of Sgt. John Doe. Once he knows the real name of Sgt. John Doe, he should file a motion identifying the Sgt. John Doe so the court may substitute the real name for the John Doe placeholder.

Similarly, the allegations against defendants Michael Rublee, Stephanie Seitz and Steven Strasser in the amended complaint are also substantially similar to the

allegations contained in the original complaint. As such, Wilson still fails to state a claim upon which relief can be granted against these individuals for the reasons stated by Judge Griesbach in his original screening order. (ECF No. 8 at 5-7.) Thus, Michael Rublee, Stephanie Seitz and Steven Strasser are dismissed.

*The Amended Complaint's Allegations*

On June 14, 2017, two "disguised Black males enter room 215 of [the American Inn Motel], both identically dressed in all black clothing; black low fitted ball caps; black shades and applied beards." (ECF No. 12-1, ¶ 14.) Two days later, defendant Detective Anne Portnoy "knowingly and intentionally with reckless disregard for the truth included omissions and made false statements in her police report," which Wilson alleges resulted in his arrest. (*Id.*, ¶ 17.) Specifically, Wilson alleges Portnoy "cherry-picked through [the] evidence in order to render a version of the circumstances suitable to justify" Wilson's arrest. (*Id.*, ¶ 18.) Detective Portnoy's supervisor, Lt. Warren Allen, approved her police report knowing she made false statements. (*Id.*, ¶ 20.)

Wilson also alleges several constitutional violations during the investigation. Wilson was interrogated several times between June 17 and June 18, 2017. (ECF No. 12-1., ¶¶ 35-37, 40.) Late in the evening on June 17, defendants Rodolfo Alvarado and Christopher Schlachter requested permission to search his cell phone without a warrant. (*Id.*, ¶ 35.) Wilson also told Alvarado and Schlachter he wanted an attorney during this interrogation, which they ignored. (*Id.*, ¶ 36.) Then, in the afternoon of June 18, Wilson alleges he was forced back into interrogation by defendants William

Sheehan and Michael Alles. (*Id.*) Specifically, Sheehan and Alles refused to give Wilson food or drink until he consented to a DNA swab and to have his cell phone searched (*Id.*) Prior to this interrogation, Wilson states he was begging for food and drink, and that his water had been shut off. (*Id.*) Once he consented to the cell phone search, his water was turned back on. (*Id.*, ¶ 37.) After his interrogation with Sheehan and Alles, Wilson then states that Alvarado and Schlachter interrogated him again without a lawyer present and despite his demand for one. (*Id.*, ¶ 40.)

Wilson also includes several allegations against the City of Milwaukee and three John Does he identifies as the Sheriff of Milwaukee County, the Director of the Wisconsin Division of Community Corrections, and the Police Chief of the Milwaukee Police Department. Wilson states that these defendants have a custom creating a "culture of silence" that generally allows its officers to do whatever they want with no oversight, and a custom to not take civil rights violations seriously. (ECF No. 12-1, ¶¶ 50-52.) Wilson also alleges that the John Does allow customs that led to the violations of his rights because these customs allow for the police detectives to use the probation officer as a "stalking horse." (*Id.*, ¶¶56-62.) Wilson further alleges that the John Does fail, generally, to properly train their officers. (*Id.* ¶¶ 48, 59.)

*Analysis*

In addition to the four claims Wilson was originally allowed to proceed on, as addressed above, he brings several other claims. First, he asserts that Portnoy made false statements and omitted facts in her police report, and the inclusion of those false statements led to his arrest, violating his rights. Judge Griesbach allowed Wilson to

proceed on a similar claim against Fawn Schwandt. Dkt. No. 8 at 5. Judge Griesbach reasoned that, "[w]here a police officer 'knowingly, intentionally, or with reckless disregard for the truth, makes false statements,' to effectuate a seizure of a person, and those false statements are essential in causing that seizure, a Fourth Amendment violation occurs." *Id.* (quoting *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). Wilson asserts that Portnoy "cherry-picked" the record in order to manipulate and justify his arrest. While the allegations are barebones, at this stage Wilson sufficiently states a claim against Portnoy, and he may proceed on a Fourth Amendment claim against her for using false information to effectuate his seizure.

Wilson also alleges that Portnoy's supervisor, Lt. Warren Allen, signed off on her police report knowing she made false statements. Supervisors can be held liable for constitutional violations caused by their employees where the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrandt v. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Thus, Wilson may proceed on a claim against Allen under the theory of supervisor liability.

Wilson then alleges that Schlachter and Alvarado interrogated Wilson on more than one occasion without an attorney present and despite Wilson demanding one. Judge Griesbach allowed Wilson to proceed on a Fifth and Fourteenth Amendment claim against Schlachter for these allegations, finding that, if Wilson had been read his *Miranda* rights, Schlachter's interrogations would violate Wilson's constitutional rights. Dkt. No. 8 (citing *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012)). In his amended complaint, Wilson states that Alvarado was also present during

7

Schlachter's attorney-less interrogations. Adopting Judge Griesbach's reasoning and his inference that Wilson was read his *Miranda* rights, the court will allow Wilson to proceed on a Fifth and Fourteenth Amendment claim against Alvarado in addition to Schlachter.

Wilson also alleges that Sheehan and Alles violated his rights when they coerced him into consenting to a cell phone search by withholding food and water. "The Fourth Amendment requires that 'consent not be coerced, by explicit or implicit means, by implied threat or covert force.'" *United States v. Thurman*, 889 F.3d 356, 367 (7th Cir. 2018) (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 228 (1973)). This standard applies to cell phone searches. *Id.* According to Wilson, Sheehan and Alles knew he was hungry and thirsty and deliberately cut off the water in his cell. At this stage, Wilson sufficiently asserts a Fourth Amendment claim against Sheehan and Alles.

Finally, Wilson's amended complaint adds more allegations regarding the customs and policies of the City of Milwaukee and three John Does he identifies as the Sheriff of Milwaukee County, the Director of the Wisconsin Division of Community Corrections, and the Police Chief of the Milwaukee Police Department. It appears Wilson is attempting to overcome the deficiencies Judge Griesbach outlined in his screening order. Specifically, Judge Griesbach found that Wilson failed to state a claim against these defendants because his allegations against them were "entirely conclusory and unsupported by any plausible allegation of fact within his personal knowledge." Dkt. No. 8 at 8.

Wilson renews his assertions that the City of Milwaukee and the John Doe defendants have customs that create a culture of silence and cause them to not take civil rights violations seriously. He also asserts that these defendants have customs that allowed the probation office to be used as a "stalking horse." However, as in his original complaint, these allegations are conclusory. His only basis for making these allegations are the actions of specific defendants in this case, and Wilson does not demonstrate he has personal knowledge of how these alleged customs functioned to lead to the violation of his constitutional rights. Also, Wilson's allegations regarding the customs are vague and thus fail to demonstrate that there was a "widespread practice that is so permanent and well-settled that it constitutes a custom or practice." *Waters v. City of Chicago*, 580 F.3d 575, 581 (7th Cir. 2009) (internal citations omitted). Such a demonstration is required to state a claim for municipal liability. *Id.*

Additionally, the John Doe defendants cannot, in their individual capacity, be held liable for these alleged customs because, under § 1983, defendants can be held liable only "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). There are exceptions, such as supervisor liability, and Wilson attempts to renew his claim that these three John Does should be held liable under a theory of supervisor liability for generally failing to train their staff. Judge Griesbach did not allow Wilson to proceed on these allegations in the original complaint because Wilson failed to allege that they "knew of and turned a blind eye

to the *specific* constitutional violations in this case." Dkt. No. 8 at 8 (citing *Hildebrant*, 347 F.3d at 1039) (emphasis added).

In his amended complaint, Wilson again fails to allege anything that suggests these three John Doe defendants actually knew of or turned a blind eye to the specific actions of the defendants in this case. As such, Wilson fails to state a claim against the City of Milwaukee or three John Does he identifies as the Sheriff of Milwaukee County, the Director of the Wisconsin Division of Community Corrections, and the Police Chief of the Milwaukee Police Department, and they are dismissed from the case. Because Wilson fails to state a claim against these defendants, his claim for declaratory and injunctive relief is also dismissed, leaving only his claim for damages.

## ORDER

**IT IS THEREFORE ORDERED** that Wilson's second motion to amend the complaint (ECF No. 12) is **GRANTED**. The Clerk of Court is directed to detach and e-file the amended complaint (ECF No. 12-1), which is now the operative complaint.

**IT IS FURTHER ORDERED** that the City of Milwaukee, the Director of WI Division of Community Corrections, Milwaukee Chief of Police, Milwaukee County Sheriff, Michael Rublee, Stephanie Seitz, and Steven Strasser are **DISMISSED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon defendants William Sheehan, Anne Portnoy, Michael Alles, and Lt. Warren Allen pursuant to Federal Rule of Civil Procedure 4. Wilson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress

requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Wilson information on how to remit payment. The court is not involved in collecting the fee.

**IT IS ALSO ORDERED** that defendants Fawn Schwandt, Rodolfo Alvarado, Christopher Schlachter, William Sheehan, Anne Portnoy, Michael Alles, and Lt. Warren Allen shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Wilson is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions. After the court enters the scheduling order, Wilson may make discovery requests (written questions or requests for documents) on the named defendants in an effort to identify the real name of Sgt. John Doe. Once he knows the real name of Sgt. John Doe, he should file a motion asking the court to substitute the real name for the Doe placeholder. Again, Wilson should not serve any discovery request upon the named defendants until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that Wilson mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court

11

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

Wilson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Wilson is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Wilson's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 24th day of September, 2020.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge