**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DERRICK WILSON**,

Plaintiff,

**v.** **Case No. 20-CV-699**

**FAWN SCHWANDT, *et al.*,**

Defendants.

---

**ORDER**

---

Plaintiff Derrick Wilson, who is incarcerated and representing himself, filed several motions: a motion to compel discovery (ECF No. 48); a motion for a hearing and to modify the scheduling order (ECF No. 68); and a motion to amend/correct the complaint (ECF No. 69). The court already granted Wilson's motion to modify the scheduling order in its text only order dated November 30, 2021. As for Wilson's motion for a hearing, because the court could resolve his pending motions without a hearing, the court will deny it as moot. This order resolves the remaining motion to compel and the motion to amend the complaint.

**MOTION TO COMPEL (ECF NO. 48)**

Wilson states that the defendants failed to respond to his discovery requests within 60 days of service. Thus, he moves the court to compel production. (ECF No. 48 at 1.) In response the defendants state that they fully complied with the discovery

requests but acknowledge that their response was sent a few weeks after the deadline due to staffing changes. (ECF No. 50 at 1-2.) The defendants attached as exhibits what they produced in discovery. (ECF No 50-1 through 50-4.) In his reply Wilson states that the court should still grant the motion to compel because the objections were untimely and because he did not receive everything he requested. However, he does not state what the defendants failed to produce or explain why he is entitled to that information. Without those details the court cannot determine what the defendants should produce. The court denies his motion without prejudice. Wilson may refile his motion explaining what exactly he believes is missing from the defendants' response and stating why he believes he is entitled to that information.

**MOTION TO AMEND/CORRECT THE COMPLAINT (ECF NO. 69)**

Wilson seeks to amend his complaint for a third time to add back in the previously dismissed claim against The City of Milwaukee and two John Doe city officials pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978). Specifically, Wilson now alleges that the "temporary felony warrant" (or "TFW") system that Milwaukee County uses to effectuate detainments is an unconstitutional policy. (ECF No. 69, ¶ 18.) He alleges that Milwaukee Police Department officials may issue a TFW as a "defacto arrest warrant" that replaces the need to have a judge issue a real arrest warrant. (*Id.*, ¶ 16.) Wilson asserts that this causes individuals to be detained without probable cause or due process. (*Id.*, ¶ 18.) He also alleges that he was detained based solely on a TFW issued as a result of this process. (*Id.*)

Under Federal Rule of Civil Procedure 15(a), "courts should freely allow pleading amendments 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

Allowing Wilson to amend the complaint to add the *Monell* claim back in would be futile because Milwaukee County's use of the TFW is, on its face, constitutional. Wisconsin state courts have found there is nothing constitutionally suspect about using a TFW, noting that "a temporary felony warrant is 'a tool used by law enforcement officers to communicate to other law enforcement officers that probable cause exists to arrest an individual for a felony crime and that that person should be taken into custody immediately." *State v. Burrows,* 385 Wis. 2d 515, 2019 WI App 5, ¶ 22. It does not replace the state's obligation to make a probable cause determination. *Id.*

The TFW discussed by the Wisconsin Court of Appeals in *Burrows* is the same TFW Wilson alleges was issued in his amended complaint. Wilson attaches Exhibits J and K to his amended complaint, which appear to be discovery responses from the defendants explaining what a TFW is. (ECF No. 69-2 at 19-20.) According to the defendants, a TFW is "a 'suspect alert and temporary felony' [which] means that law

enforcement has a good faith basis to *believe* that probable cause exists."(*Id.* at 20.) (Emphasis in original.)

The court also has the benefit of having the TFW issued in Wilson's case—"Felony Suspect Information Report"—already in the record because the defendants included it as evidence in support of their motion for summary judgment. (ECF No. 54-3at 3.) The court may consider this exhibit even though it is outside of Wilson's proposed amended complaint. If the court had granted Wilson's motion to amend and accept the proposed amended complaint, it would then have to screen the amended complaint. Screening essentially functions as a preemptive motion under the Federal Rule of Civil Procedure 12(b)(6). In deciding a 12(b)(6) motion to dismiss, courts may consider "only the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geniosky v. City of Chicago*, 675 F.3d 743, n. 1 (7th Cir. 2012). By attaching the discovery which specifically references the TFW and by describing the TFW in his own amended complaint, Wilson made the actual TFW, the "Felony Suspect Information Report," available for the court's consideration at this juncture.

And after reviewing the "Felony Suspect Information Report" and the defendants' description of it in the discovery responses Wilson attached to his proposed amended complaint, it is clear to the court that the TFW is constitutionally sound under *Burrows*. The TFW does not function as a replacement for a *finding* of probable cause. Had the TFW replaced a finding of probable cause, perhaps Wilson

would have a viable constitutional claim. However, as the *Burrows* court states, the TFW operates more like an "all-points bulletin" letting other officers within the network know that one of their fellow officers believes he has probable cause and requests that, if they encounter the suspect, they detain him. The officer who believes he has probable cause still has an obligation to follow the proper criminal procedure to obtain a finding of probable cause. While Wilson also alleges that the individual officers who believed they had probable cause did not in fact have probable cause, the court already let Wilson proceed on claims against those individual defendants. (*See* ECF No. 19.) If it turns out those officers did not have probable cause, it would not render The City of Milwaukee's *practice* of using TFWs unconstitutional.

At most, Wilson alleges in his amended complaint that The City of Milwaukee's use of a TFW is unconstitutional, but his allegations regarding the policy are conclusory. Also, the evidence incorporated by reference into the amended complaint—namely, the discovery responses and the "Felony Suspect Information Report"--when considered in light of *Burrows* contradicts Wilson's conclusory allegations. Thus, it would be futile to allow Wilson to amend his complaint to add back in the *Monell* claim. It would immediately be dismissed at screening because the practice of using a TFW is constitutionally permissible and thus not a *Monell* violation. The court denies his motion to amend his complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Wilson's motion to compel (ECF No. 48) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Wilson's motion for a hearing (ECF No. 68) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Wilson's motion to amend/correct his complaint is (ECF No. 69) is **DENIED**.

Dated in Milwaukee, Wisconsin this 19th day of January, 2022.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge