UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WILSON,

        Plaintiff,

v.                                                Case No. 20-CV-699

FAWN SCHWANDT, *et al.*,

        Defendants.

## ORDER

On August 11, 2022, the court issued a decision and order on the defendants' motion for summary judgment. (ECF No. 109.) The motion was granted in part and denied in part. The court granted the defendants summary judgment on the plaintiff's Fourth Amendment claims against Anne Portnoy, Warren Allen, Fawn Schwandt, and Paul Bjorkquist. The court also granted the defendants summary judgment on the Fourth, Fifth, and Fourteenth Amendment claims against Christopher Schlachter and Rodolfo Alvarado. The court denied the defendants summary judgment on the Fourth Amendment claims against William Sheehan and Michael Alles.

On September 8, 2022, *pro se* plaintiff Derrick Wilson filed a motion to reconsider and a motion to amend/correct the complaint. (ECF No. 114.) Wilson moves under Federal Rule of Civil Procedure 59(e), asking the court to alter or amend its judgment as to three claims. Wilson also submits a proposed amended complaint with

the intent to clarify his claims against Portnoy, Alles, Schwandt, Bjorkquist, Schlachter, and Alvarado. (ECF NO. 114-1.)

Addressing Wilson's motion to amend his complaint first, leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

The court notes that, if it allows Wilson to amend his complaint, because the amended complaint takes the place of the prior complaint and must be complete in itself, *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998), the claims against Sheehan and Alles would be dismissed. These are the claims survived summary judgment, but Wilson's proposed amended complaint does not incorporate them.

Even the complaint did incorporate those claims, however, at this late stage in the litigation allowing Wilson to amend his complaint would unduly prejudice the defendants. All of the allegations contained in the proposed amended complaint were facts and arguments that Wilson raised in his response to the defendants' motion for summary judgment. As such, the court has already considered them. Wilson's motion to amend the complaint is denied.

2

As for his motion for reconsideration, "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora,* 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Wilson argues that the court committed a manifest error of law on three claims and should reinstate them. First, he asks the court to reinstate his claims against Portnoy and Allen because the court failed to address his due process claim against them. Second, he requests the court reinstate his claims against Schwandt and Bjorkquist because, pursuant to *Riverside v. McLaughlin*, 500 U.S. 44 (1991), and false imprisonment claim still remains against them. Third, he asks the court to reinstate his claim against Schlachter and Alvarado because the evidence shows they searched his house even though they knew he did not consent to a search.

Regarding the claims against Portnoy and Allen, Wilson does not take issue with the court's finding that they were entitled to summary judgment on the Fourth Amendment claim for using false information to effectuate his seizure. Instead, he states that, when he submitted his notice of interlocutory appeal and the declaration in support of that notice (ECF Nos. 94, 95), he constructively amended his complaint to include a due process claim against Portnoy and Allen for not having an assistant district attorney review the substantive statements in the temporary felony want (TFW) that Portnoy issued and Allen approved. (ECF No. 114 at 2-3.) But Wilson's

3

notice of an interlocutory appeal and supporting declaration cannot constructively amend the complaint to add claims unless the defendants consented to the addition of the claims. *Hutchins v. Clarke*, 661 F.3d 947, 957 (7th Cir. 2011) (citing Fed. R. Civ. P. 15(b); *Matter of Prescott*, 805 F.2d 719, 725 (7th Cir. 1986)), The defendants did not consent to the addition of claims. Also, any arguments or allegations contained in the notice and declaration are irrelevant and not applicable to the motion for summary judgment. (ECF No. 99).

The court recognizes that Wilson made a due process argument in his summary judgment materials. (*See* ECF No. 104-1 at 11-14.) However, because he was not permitted to proceed on a Fourteenth Amendment due process claim against Portnoy and Allen (see ECF No. 19 at 6-7), allowing Wilson to proceed only on a Fourth Amendment unlawful seizure claim for alleged use of false statements to effectuate seizure), the court disregarded those arguments at summary judgment. *See Werner v. Hamblin*, Case No. 12-C-0096, 2013 WL 788076 at *2 (E.D. Wis. March 1, 2013) (plaintiffs are limited at summary judgment by the scope of the screening order).

As to Wilson's contention that the court ignored his claim against Portnoy and Allen for false imprisonment, to the extent Wilson alleged such a claim outside the context of an unlawful seizure based on false statements, at screening he was not allowed to proceed on such a claim. As to his contention that the court ignored his claim that Wilson's seizure was a *Riverside* violation, the court did address his argument, although it did not mention *Riverside* by name. The court explained that, while citizens generally enjoy the right to not be arrested absent probable cause,

4

"people on probation may be searched or seized 'on the basis of reasonable suspicion' that they violated the terms of their probation." (ECF No. 104 at 14, quoting *Smith v. City of Madison*, 413 F. Supp. 3d 823, 841 (W.D. Wis, 2019) (citations omitted)). Because Wilson was seized as a result of a probation violation, *Riverside* does not apply, and Portnoy and Allen needed only reasonable suspicion to issue the TFW.

In the same vein, Wilson asserts that the court should reinstate his claims against Schwandt and Bjorkquist because it did not address his *Riverside* and false imprisonment claims against them. As with his claims against Portnoy and Allen, in the screening order Wilson was limited to a Fourth Amendment claim against Schwandt and Bjorkquist for using false information to obtain a probation hold. He was not allowed to proceed on a false imprisonment claim outside of that context. Additionally, as explained above, because Wilson was held as a result of a probation violation, *Riverside* does not apply to his claims against Schwandt and Bjorkquist.

Wilson further asserts that the court should reinstate his claim against Schlachter and Alvarado for searching his house even though they knew he did not consent to a search. While they were interrogating him at the temporary holding facility, Wilson told Schlachter and Alvarado that he did not want them to go through his "stuff". In other words, Wilson argues that, because he did not consent to the search of his stuff, including his basement bedroom at his mother's house, Schlachter and Alvarado could not rely on his mother's consent to search his basement bedroom and instead needed a warrant.

In its order on summary judgment, the court determined that Wilson's mother had actual and apparent authority to consent to a search of Wilson's bedroom because he did not pay a set rent and she owned the home. As such, Wilson did not have an expectation of privacy in his basement bedroom and Schlachter and Alvarado could lawfully search his bedroom without a warrant. (ECF No. 109 at 21-22.)

Upon further consideration, the court determines that a question of material fact exists as to whether Wilson had an expectation of privacy in his basement bedroom. In *U.S. v. Matlock*, 415 U.S. 164 (1974), the United States Supreme Court held that, where one occupant of a jointly-occupied home consents to a search, the police may search the premises without a warrant. In *Georgia v. Randolph*, 547 U.S. 103 (2006), the Supreme Court created a narrow exception to this rule, finding that, where both joint occupants are physically present in the residence, and one occupant expressly does not consent to the search, the police must obtain a warrant to search the premises. Subsequently, in *Fernandez v. California*, 571 U.S. 292 (2014), the Supreme Court clarified this narrow exception, holding that it applies only when the occupant is physically present in the home; where the occupant is not physically in the home, either because he has been removed by the police or because he was absent for any other reason, his objection does not override the consent of the joint occupant. *Id.* at 302-303.

Having said that, subsequent to *Fernandez*, the Seventh Circuit Court of Appeals while upholding the search of the common area of a home over one tenant's objection, nevertheless stated, "It would be one thing had the police wanted to search

6

[the objecting party's] bedroom. To say that the owner of the house could consent to such a search would be as unreasonable as saying that a hotel's owner or manager could consent to a police search of all the guest rooms." *U.S. v. Witzlib*, 796 F.3d 799, 802 (7th Cir. 2015). Because a genuine question of material fact exists as to whether Wilson's basement bedroom was a common area, the record does not establish as a matter of law that Wilson's mother could consent to the search of the bedroom.

Thus, the court grants Wilson's motion to amend or correct the judgment on the Fourth Amendment reasonable search claim against Schlachter and Alvarado for the search of Wilson's basement bedroom. The court denies Wilson's motion as to all other claims. For those claims, Wilson is merely taking issue with the way in which the court evaluated his evidence and arguments. That is not a basis for granting a motion to amend or alter the judgment under Rule 59(e). *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court).

**IT IS THEREFORE ORDERED** that Wilson's motion to reconsider the judgment and motion for leave to amend the pleadings (ECF No. 114) is **GRANTED in part and DENIED in part**. Wilson's motion for leave to amend the pleadings is **DENIED**. The court **CORRECTS and AMENDS the judgment** as to the Fourth Amendment unreasonable search claim against Schlachter and Alvarado and finds that summary judgment is **DENIED** as to that claim. The Clerk of Court's office shall

add Schlachter and Alvarado back into the case. As to all other claims dismissed at summary judgment, the court's summary judgment order stands.

Dated at Milwaukee, Wisconsin this 6th day of October, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge